# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAYMOND BLOW, | CASE NO. 1:07-cv-01684-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AND THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| WARDEN DENNIS SMITH, et al., | |
| Defendants. | |
| | (Docs. 1, 3, 9, 10, 13) |
| | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

I.  **Screening Requirement**

Plaintiff Jimmy Raymond Blow ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on November 21, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claim**

Plaintiff is incarcerated at United States Penitentiary-Atwater. Plaintiff brings this action against Warden Dennis Smith and unspecified staff for denial of access to the administrative remedy process. Plaintiff is seeking money damages and an injunction mandating inmates be provided with access to the remedy process.

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right.[1] Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001); see also George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Plaintiff's complaint does not state a claim for relief under federal law and the Court therefore recommends this action be dismissed.

---

[1] To the extent that the refusal to process a grievance may lead to the dismissal of a suit for failure to exhaust, an inmate may have a viable claim for denial of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). However, that claim would not accrue until and unless the inmate suffers a dismissal for failure to exhaust and the failure to exhaust was caused by prison officials' obstruction of the remedy process. Exhaustion is an affirmative defense, Jones v. Bock, 127 S.Ct. 910, 921 (2007), and there is authority for the proposition that exhaustion occurs if prison officials render the process unavailable, see e.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Therefore, it is not a foregone conclusion that problems with access to the remedy process will ultimately lead to dismissal of a suit for failure to exhaust.

**III.     Motions for Preliminary Injunctive Relief**

Plaintiff filed motions seeking preliminary injunctive relief on November 21, 2007, January 2, 2008, and March 17, 2008. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this instance, Plaintiff has not stated a cognizable claim for relief. Accordingly, there is no case or controversy before the Court and Plaintiff is not entitled to seeking preliminary injunctive relief. The Court recommends that Plaintiff's pending motions be denied.

**IV.     Findings and Recommendations**

Plaintiff's complaint does not state a claim upon which relief may be granted. The deficiency cannot be cured by amendment and the Court therefore RECOMMENDS that:

1. Plaintiff's motions for preliminary injunctive relief, filed November 21, 2007, January 2, 2008, and March 17, 2008, be denied; and

2. This action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **March 31, 2008**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE